NO. 07-10-0072-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

NOVEMBER 22, 2010

 

______________________________

 

 

ELISEO RENE ZAMBRANO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B18071-0906; HONORABLE EDWARD LEE SELF, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

CONCURRING OPINION

            While I agree with the
conclusion reached by the majority, I write separately to address an issue not
raised by Appellant regarding the assessment of attorney's fees.[1]  The written judgment in this case orders the
defendant to pay attorney's fees in the amount of $1,200.  In order to assess attorney's fees, a trial
court must determine that the defendant has financial resources that enable him
to offset in part or in whole the costs of legal services provided.  Tex. Code Crim. Proc. Ann.
art. 26.05(g) (Vernon 2009).  Furthermore, the record must reflect some
factual basis to support the determination that the defendant is capable of
paying attorney's fees.  Barrera v. State, 291
S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no
pet.).

            We are unable to find any evidence
that would support a finding that Appellant had financial resources that would
enable him to pay all or any part of the fees paid his court-appointed
counsel.  Therefore, we conclude that the
order to pay attorney's fees was improper. 
See Mayer v. State, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010).  No trial objection is required to challenge
the sufficiency of the evidence regarding the defendant's ability to pay.  Id.  When the evidence does not support an order
to pay attorney's fees, the proper remedy is to delete the order.  Id. at 557; See also Anderson
v. State, No. 03-09-00630-CR, 2010 Tex.App. LEXIS
5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also
modifying judgment to delete attorney's fees). 
Accordingly, I would modify the judgment to delete the order to pay
attorney's fees, and affirm the judgment as modified

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

Do not publish.











[1]Courts of appeals may review unassigned error in criminal cases, particularly where
the record discloses error that should be addressed in the interest of
justice.  Hammock v. State, 211 S.W.3d 874, 878
(Tex.App.--Texarkana 2006, no pet.). 
Where, as here, the error appears on the face of the judgment, does not
involve the merits of the trial, and is easily corrected by modifying the
judgment, I believe that the interest of justice dictates that we address the
issue.